**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIV No. _____ |
| | ) ) | |
| v. | ) ) | **COMPLAINT** |
| JAAZUBIN, LLC D/B/A SAVORY FARE | ) ) | **AND** |
| Defendant. | ) ) | **JURY TRIAL DEMAND** |

**NATURE OF THE ACTION**

This is an action under Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Laura Mitchell who was adversely affected by such practices. As alleged with greater particularity below, Defendant discriminated against Ms. Mitchell because of her disability or because she was regarded as disabled, including discriminating with respect to job advancement, job training and other terms, conditions, and privileges of employment. Defendant also discriminated against Ms. Mitchell by limiting, segregating, or classifying Ms. Mitchell in a way that adversely affected her opportunities and status because of her disability or because it regarded her as disabled. In addition, Defendant unlawfully retaliated against Ms. Mitchell for her opposition to practices made unlawful by the ADA by limiting, segregating or classifying Ms. Mitchell in a way that adversely affected her opportunities and status and by threatening her with termination because of her opposition to

such unlawful practices. Defendant also interfered with Ms. Mitchell's exercise or enjoyment of her rights under the ADA. Further, through its continued discrimination and retaliation, Defendant constructively discharged Ms. Mitchell. Defendant also violated the ADA by conducting unlawful pre-employment inquiries as to disabilities of applicants for employment. Finally, Defendant violated EEOC's record-keeping requirements by failing to maintain employment records, including employment applications.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3).

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of New Mexico.

## PARTIES

3.      Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3), 42 U.S.C. § 2000e-5(f)(1) and (3).

4.      At all relevant times, Defendant Jazzubin, L.L.C. doing business as Savory Fare Bakery and Café ("Defendant Employer" or "Savory Fare"), was a New Mexico limited liability

company, continuously doing business in the State of New Mexico and the City of Albuquerque, and had at least 15 employees.

5.    At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C.§ 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6.    At all relevant times, Defendant Employer has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## GENERAL ALLEGATIONS

7.    More than thirty days prior to the institution of this lawsuit, Laura Mitchell filed a charge with the Commission alleging violations of Title I of the ADA by Defendant Employer.

8.    The Commission investigated Ms. Mitchell's charge of discrimination.

9.    Based on evidence adduced during its investigation, the Commission issued a determination finding reasonable cause to believe Defendant Employer had engaged in certain unlawful employment practices identified in the determination.

10.    The Commission's determination letter included an invitation for Defendant Employer to join with the Commission in an attempt to eliminate the alleged unlawful employment practices through informal methods of conciliation.

11.    As part of the conciliation process, the Commission provided Defendant Employer a proposal detailing the kinds of relief the Commission felt was necessary to eliminate the alleged unlawful employment practices.

12.     The Commission and Defendant Employer were unable to reach agreement in the conciliation process.

13.     After the conciliation efforts were unsuccessful, the Commission sent notice to Defendant Employer that conciliation had failed.

14.     All conditions precedent to the institution of this lawsuit have been fulfilled.

15.     Since at least October 2007, Defendant  Employer has engaged in unlawful employment practices at its facility in Albuquerque, New Mexico, in violation of Title I of the ADA , Sections 102(a), 102(b)(1), 102(d)(1)and (d)(2)(A) and Title V of the ADA, Sections 503(a) and (503)(b) 42 U.S.C. §§ 12112(a), (b)(1), (d)(1), (d)(2)(A) and § 12203(a) and(b).

16.     Laura Mitchell is hearing-impaired as a result of being born with no inner ear canal.

17.     Related to her hearing-impairment, Mitchell also has a minor but noticeable speech impediment.

18.     Mitchell is substantially limited in the major life activities of hearing and speech.

19.     In October 2007, Jeff Rubin was a manager and part-owner of Savory Fare.

20.     In October 2007, Mitchell applied for a position at Savory Fare.

21.     Rubin interviewed Mitchell when she applied for a job in October 2007.

22.     During the job interview, Mitchell disclosed her hearing impairment to Rubin.

23.     Rubin regarded Mitchell as substantially limited in the major life activities of hearing and speech.

24.     On or about October 15, 2007, Mitchell started work at Savory Fare.

25.     Throughout her employment at Savory Fare, Mitchell was a qualified individual with a disability within the meaning of Section 101 of the ADA, 42 U.S.C. § 12111(8).

26.     When she was hired at Savory Fare, Mitchell was told that employees start as a dishwasher/busser but are then cross-trained in other positions at Savory Fare so that employees can rotate to other jobs, including the positions of Cashier and Deli-Helper.

27.     During her employment at Savory Fare, Mitchell repeatedly asked management for cross-training or job rotation opportunities, including training opportunities that would assist her in advancing to the Cashier position.

28.     During her employment at Savory Fare, Mitchell was denied training and advancement opportunities.

29.     During Mitchell's employment at Savory Fare, other non-disabled employees (including employees hired after Mitchell), were cross-trained and advanced to higher-level positions, such as Cashier and Deli-Helper.

30.     While non-disabled employees were trained and advanced, Mitchell was relegated to dishwashing and bussing.

31.     When Mitchell directly asked Rubin to be trained for the Cashier position, he denied her requests.

32.     On or about January 28, 2008, Mitchell asked Rubin why he would not allow her to do jobs other than dishwasher and/or busser.

33.     Rubin told Mitchell that she could not do any other position because of "communication issues" and her "speech impediment."

34.    Mitchell was and is able to perform the essential functions of Savory Fare job positions other than dishwasher/busser.

35.    Mitchell complained to one of the Savory Fare Managers and to Rubin that she was being denied training because of her disability.

36.    Mitchell complained to Rubin that she was being denied opportunities because of her disability.

37.    After Mitchell complained about being denied opportunities because of her disability, Rubin told Mitchell that if she did not agree to remain as a dishwasher/busser, he would terminate her employment.

38.    After Mitchell complained about being denied opportunities because of her disability, Savory Fare continued to relegate her to dishwasher and busser duties.

39.    Mitchell understood from Rubin that if she continued to ask for training and advancement opportunities, he would fire her.

40.    Mitchell was humiliated and embarrassed by being denied training and relegated to the dishwasher/busser job, without any opportunity for advancement.

41.    Mitchell believed she would be fired if she made any further requests for training or job advancement.

42.    Mitchell believed she would never be allowed to do anything but the most undesirable jobs of bussing tables and washing dishes.

43.    Mitchell reasonably found it intolerable that because of her disability she would only be allowed to do entry-level duties, even though she was fully capable of performing higher-level jobs.

44.     Mitchell reasonably found it intolerable to work in fear that she would be fired if she continued to ask for training or advancement opportunities.

45.     Mitchell resigned as a result of the intolerable conditions of her continued employment at Savory Fare.

46.     During EEOC's investigation of Mitchell's charge, Jeff Rubin advised the EEOC that he routinely asked applicants for employment if they had any type of disability or medical condition including asking if the applicant had a "bad back."

47.     During EEOC's investigation of Mitchell's charge, Jeff Rubin advised the EEOC that Savory Fare did not keep applications for more than about two (2) months, and that after two (2) to six (6) months, Rubin was shredding employment applications received from applicants.

**FIRST CLAIM FOR RELIEF**
**(Discrimination, including Disparate Treatment – 42 U.S.C. §§ 12112(a))**

48.     The allegations contained in the foregoing paragraphs are hereby incorporated by reference.

49.     Defendant intentionally discriminated against Ms. Mitchell with respect to job advancement, job training, and other terms conditions, and privileges of employment because of her disability, in violation of Sections 102(a) of the ADA.  42 U.S.C. §§ 12112(a).

50.     Defendant's discriminatory treatment of Ms. Mitchell was done with malice or reckless indifference to her federally protected rights.

51.     The effect of the practices complained of in the foregoing paragraphs has been to deprive Laura Mitchell of equal employment opportunities and otherwise adversely affect her status as an employee, because of her disability.

## SECOND CLAIM FOR RELIEF
**(Limiting, Segregating or Classifying Because of Disability – 42 U.S.C. §§ 12112(b) (1))**

52.     The allegations contained in the foregoing paragraphs are hereby incorporated by reference.

53.     Defendant discriminated against Ms. Mitchell by limiting, segregating, or classifying her in a way that adversely affected the opportunities or status of Ms. Mitchell because of her disability, in violation of  Section 102(b)(1) of the ADA.  42 U.S.C. § 12112(b) (1).

54.     Defendant's discriminatory treatment of Ms. Mitchell was done with malice or reckless indifference to her federally protected rights.

55.     The effect of the practices complained of in the foregoing paragraphs has been to deprive Laura Mitchell of equal employment opportunities and otherwise adversely affect her status as an employee, because of her disability.

## THIRD CLAIM FOR RELIEF
**(Retaliation – 42 U.S.C. §12203(a) and (b))**

56.     The allegations contained in the foregoing paragraphs are hereby incorporated by reference.

57.     Defendant unlawfully discriminated against Ms. Mitchell because she opposed acts or practices made unlawful under the ADA, in violation of Section 503(a) of the ADA.  42 U.S.C. §12203(a).  These unlawful retaliatory practices include but are not limited to:

a. Limiting, or segregating Ms. Mitchell to dishwasher and bus person duties or positions; and

b. threatening to discharge Ms. Mitchell.

8

58.     Defendant further coerced, intimidated, threatened, or interfered with Ms. Mitchell with respect to the exercise or enjoyment of her rights under the ADA, in violation of Section 503(b) of the ADA.  42 U.S.C. §12203(b).

59.     Defendant's unlawful retaliation was intentional.

60.     Defendant's retaliatory treatment of Ms. Mitchell was done with malice or reckless indifference to her federally protected rights.

61.     The effect of the practices complained of in the foregoing paragraphs has been to deprive Laura Mitchell of equal employment opportunities and otherwise adversely affect her status as an employee, because she opposed acts or practices made unlawful under the ADA.

### FOURTH CLAIM FOR RELIEF
**(Constructive Discharge – 42 U.S.C. §§ 12112(a), (b) (5) (A) and (B) and 12203(a))**

62.     The allegations contained in the foregoing paragraphs are hereby incorporated by reference.

63.     Defendant unlawfully created discriminatory and retaliatory working conditions so intolerable that a reasonable person in Ms. Mitchell's position would have felt compelled to resign.

64.     Defendant constructively discharged Ms. Mitchell because of her disability, and/or in retaliation for her complaints of discrimination, in violation of Sections 102(a), 102(b) (5) (A) and (B), and 503(a) of the ADA.  42 U.S.C. §§ 12112(a), (b) (5) (A) and (B), and 12203(a).

65.     Defendant's unlawful constructive discharge was intentional.

66.     Defendant's unlawful constructive discharge was done with malice or reckless indifference to her federally protected rights.

67.     The effect of the practices complained of in the foregoing paragraphs has been to deprive Laura Mitchell of equal employment opportunities and otherwise adversely affect her status as an employee, because of her disability and/or her opposition to unlawful employment practices.

## FIFTH CLAIM FOR RELIEF
### (Pre-employment Inquiries of Applicants – 42 U.S.C. §§ 12112(d) (1) and 12112(d) (2) (A))

68.     The allegations contained in the foregoing paragraphs are hereby incorporated by reference.

69.     From at least October, 2007, Defendant unlawfully questioned applicants for employment about whether the applicant was disabled and the nature or severity of such disability, in violation of Section 102(d)(1) and (d)(2)(A) of the Americans with Disabilities Act. 42 U.S.C. § 12112(d) (1) and 12112(d) (2) (A).

70.     Defendant's unlawful medical inquiries were intentional.

71.     Defendant's unlawful medical inquiries were done with malice or reckless disregard for the federally protected rights of job applicants.

72.     The effect of the practices complained of in the foregoing paragraphs has been to deprive applicants for employment of equal employment opportunities and otherwise adversely affected their status as applicants for employment, because of their actual or perceived disabilities.

## SIXTH CLAIM FOR RELIEF
### (Failure to Maintain Applications – as required by law and regulation)

73.     The allegations contained in the foregoing paragraphs are hereby incorporated by reference.

74.     From at least October, 2007 to at least June, 2009, Defendant failed to maintain applications for employment and all records relevant to the determination of whether unlawful employment practices have been or are being committed, as required by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 709(c) of Title VII, 42 U.S.C. § 2000e-8(c), and the Commission's procedural regulations at 29 C. F. R. § 1602.14.

**PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from discriminating against employees or applicants because of disability.

B.     Grant a permanent injunction enjoining Defendant Employer, its officers, agents servants, employees, attorneys, and all persons in active concert or participation with it from retaliating against any individual or engaging in any activity to coerce, intimidate, threaten or interfere with any individual in the exercise or enjoyment of any right granted by the ADA.

C.     Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

D.     Order Defendant Employer to institute and carry out policies, practices, and programs which ensure that applicants for employment are not subjected to unlawful pre-employment medical inquiries, as required by Section 102(d)(1) and (d)(2)(A) of the Americans with Disabilities Act.  42 U.S.C. § 12112(d) (1) and 12112(d) (2) (A).

E.     Order Defendant Employer to institute and carry out policies, practices and programs which ensure that applications for employment and all records relevant to the determination of whether unlawful employment practices have been or are being committed are maintained, as required by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 709(c) of Title VII, 42 U.S.C. § 2000e-8(c), and the Commission's procedural regulations at 29 C. F. R. § 1602.14.

F.     Order Defendant to make whole Laura Mitchell by providing appropriate back pay and benefits with prejudgment interest, compensatory damages in amounts to be proved at trial, and other affirmative and equitable relief necessary to eradicate the effects of its unlawful employment practices, including reinstatement with all attendant rights and benefits, or front pay in lieu thereof.

G.     Order Defendant Employer to make whole Laura Mitchell by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices above, including job search expenses and other pecuniary losses, in amounts to be determined at trial.

H.     Order Defendant to make whole Laura Mitchell by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in the paragraphs above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

I.     Order Defendant to pay Laura Mitchell punitive damages for its malicious or reckless conduct described in the paragraphs above, in amounts to be determined at trial.

J.     Grant such further relief as the Court deems necessary and proper.

      K.      Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.


Dated:  September 28, 2011

                                      Respectfully submitted,

                                      P. DAVID LOPEZ
                                      General Counsel

                                      GWENDOLYN YOUNG REAMS
                                      Associate General Counsel

                                      EQUAL EMPLOYMENT OPPORTUNITY
                                      COMMISSION
                                      131 M Street, N.E.
                                      Washington, D.C.  20507


                                      */s/ Medina for Mary Jo O'Neill*
                                      MARY JO O'NEILL
                                      Regional Attorney

                                      EQUAL EMPLOYMENT OPPORTUNITY
                                        COMMISSION
                                      Phoenix District Office
                                      3300 North Central Avenue
                                      Suite 690
                                      Phoenix, Arizona 85012


                                      */s/ Medina for Rita Byrnes Kittle*
                                      RITA BYRNES KITTLE
                                      Supervisory Trial Attorney

                                      EQUAL EMPLOYMENT OPPORTUNITY
                                        COMMISSION
                                      Denver Field Office
                                      303 E. 17th Avenue, #410
                                      Denver, CO  80203

*Electronically Filed*


*/s/ Loretta Medina*
LORETTA MEDINA
Senior Trial Attorney

CHRISTINA VIGIL
Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
  COMMISSION
505 Marquette Ave NW, Suite 900
Albuquerque, NM  87102
(505) 248-5230
Fax: (505) 248-5217

Attorneys for Plaintiff EEOC




NOTE: It is sufficient for service on the EEOC that pleadings, notices, and any other court documents be served on the Trial Attorneys.  Duplicate service is not required on the General Counsel and Associate General Counsel in Washington, D.C.